IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| RENEE MASON, DPM<br>4214 Holbrook Road<br>Randallstown, Maryland 21133.<br><br>     Plaintiff,<br><br>v.<br><br>BRIAN MAZZEI<br>24323 EAGLE SITE DRIVE<br>ABINGDON, VIRGINIA 24211<br><br>and<br><br>ABINGDON FOOT AND ANKLE CLINIC, PC.<br>1231 W MAIN STREET #100<br>ABINGDON, VA 24210<br>SERVE: JOHN LAIME, REGISTERED AGENT<br><br>     Defendants. | Case No. |

**COMPLAINT**

Plaintiff, Renee Mason, DPM ("Dr. Mason"), by and through undersigned counsel, brings this action against Defendants, Brian Mazzei, DPM ("Dr. Mazzei") and Abingdon Foot and Ankle Clinic, PC (the "Practice") (collectively, "Defendants"), and in support states as follows:

**Parties**

1. Dr. Mason is a natural person who is a citizen of the State of Maryland.

2. Dr. Mazzei is a natural person who is a citizen of the Commonwealth of Virginia.

3. Abingdon Foot and Ankle Clinic, PC is a Virginia corporation established in 1995 and located in Abingdon, Virginia.

## Jurisdiction and Venue

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. The Court has diversity jurisdiction because there is (i) complete diversity and (ii) the amount in controversy exceeds $75,000.00.

5. This Court has personal jurisdiction over Defendants pursuant to Va. Code Ann § 8.01-328.1(A)(1) because the cause of action asserted in this Complaint concerns Defendants transacting business within the Commonwealth.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Dr. Mazzei resides in Abingdon, Virginia, the Practice has its principal place of business in Abingdon, Virginia, and because the cause of action arose out of a dispute pertaining to the Practice, located in Abingdon, Virginia.

## General Allegations

7. Dr. Mason is a Doctor of Podiatric Medicine. She is the President of the Practice, as reflected in the most recent state corporate filings, and owns 50.2% of its shares.

8. Dr. Mason is integral in the business operations of the Practice and performed varied and numerous duties for the ongoing business of the Practice until Dr. Mazzei physically locked Dr. Mason out of the Practice and prevented her from participating in any aspect of the management of the Practice.

9. Dr. Mazzei is Dr. Mason's estranged husband and a Doctor of Podiatric Medicine who works at the Practice.

10. Dr. Mazzei is further the Secretary of the Practice and owns 49.8% of its shares.

11. Dr. Mason and Dr. Mazzei formed the Practice in 1995 and have operated it continuously through the filing of this Complaint.

12. Dr. Mason and Dr. Mazzei are currently engaged in divorce proceedings to dissolve their marriage.

13. As a majority shareholder and the President of the Practice, Dr. Mason is entitled to participate in the corporate governance of the Practice.

14. Nonetheless, since July 2021, Dr. Mason has been wrongfully denied the opportunity to govern the Practice by the improper and unlawful actions of Dr. Mazzei.

15. In an apparent effort to gain leverage in their divorce proceedings and unlawfully restrict Dr. Mason's access to the Practice and patients, Dr. Mazzei has physically locked Dr. Mason out of the Practice, blocked her ability to access patient records, withheld the Practice's financial records, interfered with her ability to see patients, and generally thwarted her ability to participate in the management of the Practice.

16. Moreover, since July 2021 and the forced alienation of Dr. Mason from the Practice, Dr. Mazzei has engaged in highly suspicious and outright improper events related to the Practice, including, but not limited to, the following:

   a. The Practice has made less than $100.00 in actual "cash" deposits to its established business accounts at First Community Bank;

   b. Dr. Mazzei has written multiple checks made out to "cash" from one of the Practice's First Community Bank accounts and deposited those same checks into a different account belonging to the Practice at First Community Bank. This is not a regular practice engaged in by the business and to date, the total amount transferred in this manner exceeds $63,000.00;

   c. Upon information and belief, Dr. Mazzei has deposited at least two particularly questionable checks—one made out to him and Dr. Mason, where her signature

      appears to have been forged, and a second check made out to Dr. Mason personally, but was apparently stamped by Dr. Mazzei and deposited into a checking account for the Practice without Dr. Mason's knowledge or approval;

  d.  Upon information and belief, Dr. Mazzei has made distributions of the Practice's funds to himself by writing checks to cash and himself, for a total amount of $76,977.55, out of the Practice's accounts and depositing these checks into his personal account without providing notice or seeking any approval from Dr. Mason for these shareholder distributions;

  e.  Dr. Mazzei instructed the Practice's accountant to process a payroll run at the end of August 2021, allocating W2 funds to Dr. Mason that she never received;

  f.  Dr. Mazzei has failed to post any data to the Practice's accounting firm since August 2021;

  g.  Based upon information and belief, Dr. Mazzei has used, and continues to use, the Practice's checking accounts and credit cards for personal use; and

  h.  Dr. Mazzei wrongfully withdrew $6,400.00 from Dr. Mason's personal Health Savings Account ("HSA") account without her knowledge or permission and deposited the funds into one of the Practice's checking accounts.

17.  As a result of her ousting from the Practice, Dr. Mason moved to Maryland with two of her children, where they are now enrolled in school.

18.  Despite her restricted access, Dr. Mason is still able to view all banking transactions that Dr. Mazzei has engaged in.

19.  Dr. Mason has demanded a full financial accounting and an explanation from Dr. Mazzei as to the above-referenced events.

20. In addition, Dr. Mason has repeatedly requested Dr. Mazzei restore her physical access to the Practice, allow her access to the Practice's financial books, records and systems, cease and desist processing payroll, making any distributions, or releasing any of the Practice's financial information to third parties without Dr. Mason's express written authorization.

21. To date, Dr. Mazzei has refused to comply with any of these requests and continues to improperly preclude Dr. Mason's ability to participate in or otherwise be privy to the Practice's business.

22. As a result of Dr. Mazzei's continuous attempts to restrict Dr. Mason's access to the Practice, Dr. Mason exercised her rights as a shareholder, pursuant to Va. Code Ann § 13.1-771. *See* Exhibit A.

23. All conditions precedent to the commencement of this action have occurred, or the occurrence of such condition precedent has been waived or otherwise excused.

## COUNT ONE: BREACH OF FIDUCIARY DUTY

24. Dr. Mason incorporates by reference the facts alleged in paragraphs 1-23 above as if fully incorporated herein.

25. As an officer and director of the Practice, Dr. Mazzei owes fiduciary duties to Dr. Mason, a shareholder, and the Practice including, but not limited to, a duty to act in utmost good faith and not place himself in a position where his individual interests clash with his duties to Dr. Mason or the Practice.

26. Dr. Mazzei breached his fiduciary duties to Dr. Mason by, among other things, wrongfully denying her physical access to the Practice as well as wrongfully denying her access to the Practice's financial records and systems.

27. Dr. Mazzei has further breached his fiduciary duties by engaging in self-serving acts to the detriment of Dr. Mason and the Practice.

28. Further, Dr. Mazzei breached his fiduciary duties by acting in bad faith and taking unauthorized and unequal distributions from the Practice.

29. Due to Dr. Mazzei's breach of his fiduciary duties, Dr. Mason has been damaged in an amount to be determined at trial, but in any case, no less than $50,000.00.

## COUNT TWO: CONVERSION

30. Dr. Mason incorporates by reference the facts alleged in paragraphs 1-29 above as if fully incorporated herein.

31. Dr. Mazzei's actions and breaches of his fiduciary duties were intended to deprive Dr. Mason of the use and value of the Practice—including her share of the cash distributions from the Practice.

32. Dr. Mazzei has wrongfully exercised and assumed authority over the physical assets of the Practice, Dr. Mason's shares and the cash distributions resulting from those shares, resulting in Dr. Mason being deprived of her right of possession of the physical assets of the Practice, the right of possession of her shares in the Practice, and the use and value of the cash distributions resulting from those shares.

33. In addition, Dr. Mazzei's wrongful acts have deprived Dr. Mason of the value of her investment in the Practice.

34. As a result, Dr. Mason has been damaged in an amount to be determined at trial, but in any case, no less than $50,000.00.

## COUNT THREE: CONSTRUCTIVE TRUST

35. Dr. Mason incorporates by reference the facts alleged in paragraphs 1-34 above as if fully incorporated herein.

36. Dr. Mazzei's actions described herein constitute wrongful and improper conduct.

37. By virtue of Dr. Mazzei's wrongful and unconscionable conduct, Dr. Mazzei has illegally obtained, received, misappropriated, or transferred money and profits that rightfully belong to the Practice and/or Dr. Mason.

38. Dr. Mazzei has also continued to improperly transfer assets out of the Practice's accounts and failed to make proper deposits of Practice funds into the Practice's accounts.

39. Dr. Mazzei has been unjustly enriched by the misappropriation of these assets.

40. Upon information and belief, Dr. Mazzei holds these improperly received funds and profits in the form of bank accounts which can be located and traced.

41. Dr. Mason herein requests that this Court impose a constructive trust on the funds and money improperly transferred by Dr. Mazzei from the Practice's accounts into his own personal accounts.

**42.** Dr. Mason further requests this Court impose a constructive trust upon the accounts and property of the Practice in order to safeguard these assets until a proper accounting can be conducted and the Court can evaluate the scope and impact of Dr. Mazzei's conduct with respect to the Practice's assets.

### COUNT FOUR: TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY

43. Dr. Mason incorporates by reference the facts alleged in paragraphs 1-42 above as if fully incorporated herein.

44. As incorporated herein, Dr. Mazzei, as a director and officer of the Practice, owes a fiduciary duty to Dr. Mason.

45. Dr. Mazzei has breached those duties owed as set forth.

46. Indeed, as a director, officer, shareholder, and licensed doctor, Dr. Mason enjoys the existence of a prospective business relationship or economic advantage in the Practice.

47. As a director, officer, and shareholder, Dr. Mason is entitled to access of the practice along with any profits, distributions, financial records, accounting ledgers, financial statements, bylaws, and articles of incorporation.

48. As a director, officer, and shareholder, Dr. Mazzei was well aware of the existence of Dr. Mason's prospective business relationship or economic advantage in the Practice.

49. Absent Dr. Mazzei's actions, as alleged in this Complaint, Dr. Mason would have continued in the business relationship or realized the expectancy.

50. As referenced above, Dr. Mazzei used improper means or methods to intentionally interfere with the prospective business relationships and economic advantage.

51. Dr. Mazzei knowingly restricted Dr. Mason's access to the practice.

52. Absent Dr. Mazzei's conduct, Dr. Mason would have continued to enjoy the access, distributions, and sharing of profits deserving of a 50.2% shareholder.

53. Through Dr. Mazzei's improper actions and intentional conduct, Dr. Mason has incurred and continues to incur damages.

54. As a result, Dr. Mason has been damaged in an amount to be determined at trial, but in any case, no less than $125,000.00.

### COUNT FIVE: RIGHT TO INSPECTION OF CORPORATE RECORDS

55. Dr. Mason incorporates by reference the facts alleged in Paragraphs 1-54 above as if fully incorporated herein.

56. As an officer and director of the Practice, Dr. Mazzei owes fiduciary duties to Dr. Mason and the Practice.

57. Dr. Mazzei has breached those duties as set forth above.

58. Dr. Mason has demanded an accounting of Dr. Mazzei's actions since July 2021.

59. Dr. Mazzei has failed to furnish or produce any documents relating to the following:

   a. Accounting ledgers and related work papers used in preparation of the Company's most recent annual financial statements;

   b. A copy of the articles of incorporation as currently in effect, and any notices to shareholders referred to in subdivision L 5 of Va. Code Ann § 13.1-604 specifying facts on which a filed document is dependent if those facts are not included in the articles of incorporation or otherwise available as specified in subdivision L 5 of § 13.1-604.

   c. The bylaws as currently in effect;

   d. All written communications within the past three years to shareholders generally, including the financial statements furnished for the past three years under Va. Code Ann § 13.1-774.

   e. A copy of the most recent annual report filed with the Commissioner under § 13.1-775.

60. On January 14, 2022, by counsel and pursuant to Va. Code Ann § 13.1-772, Dr. Mason exercised her rights as a shareholder, pursuant to Va. Code Ann § 13.1-771. *See* Exhibit A.

61. To date, Dr. Mazzei has refused to comply with this demand.

62. Accordingly, Dr. Mason requests this Court compel Dr. Mazzei, pursuant to this Court's power under Va. Code Ann § 13.1-773, to render the rights afforded to Dr. Mason as a shareholder to inspect and copy the corporate records as set forth above.

### COUNT SIX: ACCOUNTING
**(Against the Practice)**

63. Dr. Mason incorporates by reference the facts alleged in paragraphs 1-62 above as if fully incorporated herein.

64. As an officer and director of the Practice, Dr. Mazzei owes fiduciary duties to Dr. Mason and the Practice.

65. Dr. Mazzei has breached those duties owed as set forth above.

66. Dr. Mason has demanded an accounting of Dr. Mazzei's actions since July 2021.

67. To date, Dr. Mazzei has refused to comply with this demand.

68. The exact amount of money misappropriated by Dr. Mazzei, and due to Dr. Mason is unknown and cannot be ascertained without a detailed accounting of the Practice's financial records, documents, and systems.

69. Accordingly, Dr. Mason requests this Court compel Dr. Mazzei to render an account of his actions and award Dr. Mason any amounts found to be due.

### PRAYER FOR RELIEF

WHEREFORE, Dr. Mason respectfully requests that this Court:

A. Award Dr. Mason damages as a result of Dr. Mazzei's breach of his fiduciary duties described above in an amount no less than $50,000.00;

B. Award Dr. Mason damages as a result of Dr. Mazzei's conversion described above in an amount no less than $50,000.00;

C. Award Dr. Mason damages as a result of Dr. Mazzei's tortious interference with a business expectancy described above in an amount no less than $125,000.00;

D. Award Dr. Mason punitive damages as a result of Dr. Mazzei's tortious interference with a business expectancy in an amount that this Court deems appropriate;

E. Impose a constructive trust on the funds and assets of the Abingdon Foot and Ankle Clinic;

F. Order Dr. Mazzei to render an inspection and copy of records as described above;

G. Order Dr. Mazzei to render an accounting of his actions and pay Dr. Mason the amounts owed her as a result of such accounting; and

H. Grant such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action of all issues so triable.

Dated: February 22, 2022

Respectfully submitted,
VASSEGHI BUDD PLLC

/s/ Roya Vasseghi

_____
Roya Vasseghi, Esq. #85122
9663-A Main Street
Fairfax, VA 22031
(703) 215-9358
roya@vasseghibuddlaw.com
*Counsel for Plaintiff*