IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

RENEE MASON, DPM, individually and )
derivatively on behalf of ABINGDON )
FOOT AND ANKLE CLINIC, PC, )
                                         )
                                         )
            Plaintiff,             )      Case No. 1:22CV00008
                                         )
v.                                    )      **OPINION AND ORDER**
                                         )
BRIAN MAZZEI and ABINGDON      )      JUDGE JAMES P. JONES
FOOT AND ANKLE CLINIC, PC,      )
                                         )
            Defendants.        )

      *Kellie Budd and Alexander Castelli, VASSEGHI BUDD PLLC, Fairfax, Virginia, for Plaintiff; Dennis E. Jones, DENNIS E. JONES, PLC, Abingdon, Virginia, for Defendants.*

      Before the court is the plaintiff's motion for attorneys' fees.  The defendant opposes the amount of fees requested.  For the reasons stated below, I will grant plaintiff's motion but will modify the award as described herein.

I.

      Following a bench trial, the court ordered the defendant Brian Mazzei to provide to the plaintiff statements under oath of the monthly income and expenses of Abingdon Podiatry, PC.  The defendant failed to timely do so, prompting the plaintiff to file a Motion to Enforce Judgment and Hold Defendant Brian Mazzei in Civil Contempt and an accompanying memorandum in support of such motion

(collectively referred to as Motion to Enforce), in which the plaintiff requested that the court award her the attorneys' fees she incurred in pursing the Motion to Enforce. Following a hearing, the court granted the Motion to Enforce, including the plaintiff's request for attorneys' fees, and directed that the plaintiff file on the docket a statement and records supporting the requested fees related to the Motion to Enforce.

The plaintiff then filed the statement and attached to it an invoice detailing the fees and expenses. The listed fees encompass client correspondence, the drafting, revising, and filing of the Motion to Enforce, and interoffice meetings. Three timekeepers are listed as attorney Kellie Budd at a rate of $400 per hour for 7.5 hours and $100 per hour for 1.4 hours, attorney Alex Castelli at a rate of $265 per hour for 10.8 hours, and a legal intern, Chandler Sensibaugh, at a rate of $125 per hour for 0.5 hours, totaling $6,064.50 in fees. The invoice also details $821.15 in expenses, accounting for the travel costs associated with Ms. Budd's trip to the courthouse in Abingdon, Virginia, for the hearing on the Motion to Enforce. The plaintiff requests an award amounting to the total listed fees and costs, $6,885.65.

The defendant objects to the request, contending that the plaintiff is entitled to no more than $3,200. He specifically argues that the time spent on drafting the Motion to Enforce was excessive, that the work done and charged by multiple attorneys was duplicative, and that plaintiff's counsel unnecessarily incurred travel

expenses.  I agree with the defendant in part and will reduce the award the plaintiff

seeks, but not to the extent the defendant requests.

II.

In determining the reasonableness of attorneys' fees, the first step is to

calculate the so-called lodestar figure, which amounts to the reasonable number of

hours multiplied by a reasonable rate.  *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir.

2013).  To do so, I am to consider the following factors:

> (1) The time and labor expended; (2) the novelty and difficulty of the
> questions raised; (3) the skill required to properly perform the legal
> services rendered; (4) the attorney's opportunity costs in pressing the
> instant litigation; (5) the customary fee for like work; (6) the attorney's
> expectations at the outset of the litigation; (7) the time limitations
> imposed by the client or circumstances; (8) the amount in controversy
> and the results obtained; (9) the experience, reputation, and ability of
> the attorney; (10) the undesirability of the case within the legal
> community in which the suit arose; (11) the nature and length of the
> professional relationship between attorney and client; and (12)
> attorneys' fees awards in similar cases.

*Id.* at 88 n.5.  The party seeking fees bears the burden of proving that the hourly rate

sought is reasonable.  *Id.* at 91.  "The relevant market for determining the prevailing

rate is ordinarily the community in which the court where the action is prosecuted

sits."  *Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994).  "In

circumstances where it is reasonable to retain attorneys from other communities,

however, the rates in those communities may also be considered."  *Id.*  The

prevailing party bears the burden of proving "what attorneys earn from paying

- 3 -

clients for similar services in similar circumstances." *Depaoli v. Vacation Sales Assocs., L.L.C.*, 489 F.3d 615, 622 (4th Cir. 2007) (quoting *Rum Creek*, 31 F.3d at 175). "[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). After determining the lodestar figure, I must deduct fees for any hours spent on unsuccessful claims that are unrelated to successful claims. *Hudson v. Pittsylvania Cnty.*, 774 F.3d 231, 237 (4th Cir. 2014). I should then award a percentage of the remaining fee amount based on the plaintiff's degree of success in the litigation. *Id.*

The sole issue here is the appropriate lodestar figure.[1] The fees for which the plaintiff seeks accounts for a total of 20.2 charged hours, representing the work of three timekeepers. The underlying case involved a routine small business dispute, and the specific matter for which the fees are sought, the Motion to Enforce and the related hearing, involved a straightforward issue of the defendant's noncompliance with this court's judgment. Thus, the legal issue involved was not novel or particularly difficult, nor did it required particularized skills beyond that of the skills required of any licensed attorney. Nonetheless, I find that the type and amount of

---

[1] The plaintiff is only seeking fees and expenses for the successful motion, so it is unnecessary to make any adjustments for unsuccessful claims and the degree of success achieved.

work encompassed by the submitted bill — research, drafting, proofing, client correspondence, interoffice meetings, and hearing preparation — to be appropriate. I disagree with the defendant's argument that the multiple time entries for strategy meetings, as well as research, writing, and revising, is duplicative and excessive. It is expected that a partner will review the work of her associate and discuss strategy with him. The bill is also reasonable in that most of the charged time accounted for work done by timekeepers who billed at lower rates.

However, I do find that certain elements of the requested fees are unreasonable considering the above-mentioned factors. First, 0.3 hours of the work accounts for a post-hearing, interoffice strategy discussion about the parties' divorce proceeding. This entry does not appear to be sufficiently related to the Motion to Enforce, and I will subtract that line item from the requested fees. Second, I note that the plaintiff chose to retain a law firm in Northern Virginia, where legal fees are generally higher than those she would have incurred had she hired counsel located in this division of the Western District of Virginia. Although the plaintiff was certainly entitled to the counsel of her choosing and was entitled to hire counsel close to where she now resides, I find it appropriate to reduce the hourly rates to those that are more in line with those in this district, especially considering the relatively routine nature of this suit, the lack of complexity involved in the Motion to Enforce, and the fact that the dispute arose locally. Accordingly, having considered my own

knowledge of the customary rates in the southwest Virginia legal community, the

particular needs of this case, and fee awards in similar cases, I find it appropriate to

reduce the standard hourly rate for Ms. Budd from $400 to $300, leaving in place

her $100 billing rate for 1.4 hours, and the standard hourly rate for Mr. Castelli from

$265 to $200, subtracting 0.3 from his total time for the post-hearing strategy

discussion discussed above.  Doing so results in the following:

| Timekeeper | Quantity | Rate | Total |
|---|---|---|---|
| Kellie Budd | 7.5 | $300 | $2,250 |
| Kellie Budd | 1.4 | $100 | $140 |
| Kellie Budd | 12.0 | $0 | $0 |
| Alex Castelli | 10.5 (reduced from 10.8) | $200 | $2,100 |
| Alex Castelli | 0.4 | $0 | $0 |
| Chandler Sensibaugh | .5 | $125.00 | $62.50 |

<u>Total: $4,552.50</u>

Finally, I agree with the defendant that the requested travel expenses were

unnecessary and thus are unreasonable.  The plaintiff requests over $800 for a plane

ticket, hotel stay, and car rental.  The court offered to allow the plaintiff and her

counsel to appear remotely by video and audio in order to avoid such travel, but that

offer was declined.  While the plaintiff was certainly entitled to appear in person,

given the straightforward nature of the issue discussed at the hearing and the court's express allowance for a virtual appearance, I find it appropriate to decline the plaintiff's request for travel expenses in this case.

III.

For the reasons given, it is **ORDERED** that the plaintiff's Motion for Attorneys' Fees, ECF No. 68, is GRANTED as modified by this Opinion and Order. Defendant Brian Mazzei must pay to plaintiff Renee Mason attorneys' fees in the amount of $4,552.50.

ENTER:   July 25, 2023

/s/  JAMES P. JONES
Senior United States District Judge